IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTINE DiGIACINTO and
CARL DiGIACINTO, husband
and wife,

      Plaintiffs,

v.                                    Civil Action No. 5:05CV61
                                                    (STAMP)

MOTORISTS MUTUAL INSURANCE COMPANY,
a foreign corporation licensed to
do business in West Virginia,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO BIFURCATE
AND STAY THE BAD FAITH CLAIMS**

## I.  Procedural History

On March 25, 2005, the plaintiffs filed a civil action in the Circuit Court of Brooke County, West Virginia that included allegations against the defendant of common law claim misconduct, violations of the West Virginia Unfair Claims Settlement Practices Act, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of fiduciary duty. The defendant timely removed the case to this Court on the grounds that diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

The defendant now asks this Court to bifurcate and stay the plaintiffs' bad faith claims until after the contractual claims are resolved. The plaintiff has not responded to this motion. Because

this Court finds that bifurcation is appropriate, the defendant's motion is granted.

## II. <u>Facts</u>

In their complaint, the plaintiffs allege that on April 3, 2003, they were involved in an automobile accident with Robert E. Smith ("Smith"). They assert that as a result of the accident, plaintiff Christine DiGiacinto suffered severe personal injuries, and this in turn resulted in plaintiff Carl DiGiacinto suffering emotional distress, pain, and loss of consortium. They claim that at the time of the accident they held a policy with the defendant for automobile insurance. They contend that, after they settled with Smith for the limits of his insurance policy, they sought additional compensation from the defendant pursuant to their underinsured motorist policy. They claim the defendant has wrongfully refused to offer any sum to compensate the plaintiffs for their injuries and, consequently, has failed and/or refused to pay their underinsured claim. They seek compensatory and punitive damages, attorney's fees, interest, and costs.

## III. <u>Applicable Law</u>

Federal Rule of Civil Procedure 42(b) states in pertinent part:

> The court, in furtherance of convenience or to avoid
> prejudice, or when separate trials will be conducive to
> expedition and economy, may order a separate trial of any
> claim, cross-claim, counterclaim, or third-party claim,
> or of any separate issue or of any number of claims,
> cross-claims, counterclaims, third-party claims, or

issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).  It is within a court's discretion to determine whether bifurcation is appropriate under Rule 42(b). Light v. Allstate Ins. Co., 182 F.R.D. 210, 212 (S.D. W. Va. 1998).

## IV.  Discussion

The defendant argues that bifurcation of the first-party bad faith claims is necessary "in the interests of judicial economy, in order to avoid prejudice to defendant Motorist via the unnecessary exposure of evidence related to the extra-contractual claims and to minimize the potential confusion to the jury."  Def.'s Mot. Bifurcate at 3.  The defendant asserts that the contractual issues regarding underinsured motorists benefits should be decided first because resolution of the these questions could make it unnecessary for the Court and the parties to continue litigating the bad faith claims.  In addition, the defendant contends that it would be prejudiced if the matter proceeds to a unitary trial, because the elements of bad faith will be presented to a jury at the same time that the jury is asked to decide the contractual disputes. Moreover, the defendant asserts that such a combined presentation could lead to jury confusion.

The Supreme Court of Appeals of West Virginia has held that "in furtherance of convenience, economy, or to avoid prejudice, [a court] may bifurcate and stay a first-party bad faith cause of

action against an insurer." <u>Light v. Allstate Ins. Co.</u>, 203 W. Va. 27, 35 (1998).  Upon review, this Court agrees with the defendant that bifurcation and stay of the bad faith claims is necessary. First, judicial economy would be greatly served through bifurcation and stay of the bad faith claims.  Resolution of these claims hinges on the determination that the defendant violated the terms of the policy.  Thus, it is in the best interests of the parties and this Court to resolve the contract dispute before proceeding to the bad faith claims.  Moreover, there is a strong potential for prejudice to the defendant if the plaintiff is permitted to argue the elements of bad faith to a jury during the same proceeding in which the parties address the contractual claims.

The Supreme Court of Appeals of West Virginia has further articulated that "trial courts have discretion in determining whether to stay discovery in a first-party bad faith claim against an insurer that has been bifurcated and stayed." <u>Light</u>, 203 W. Va. at 35.  The court further explained:

> Factors trial courts should consider in determining whether to stay discovery when bifurcation has been ordered in a bad faith action include: (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery.  The party seeking to stay discovery on the bad faith claim has the burden of proof on the issue.

Id. After considering these factors, this Court finds that a stay of discovery on the bad faith claims is also warranted in the interests of judicial economy. While there are only three parties in the case and the issues are not significantly complex, the contractual questions will be resolved more quickly and efficiently if the parties initially pursue discovery on those issues alone. If this Court finds that the defendant violated the insurance contract, then the parties can move forward with discovery on the bad faith claims; however, if this Court finds that the defendant did not violate the policy terms, the parties would not have suffered any wasted effort or expense in discovery of the bad faith claims.

This Court cannot find any undue prejudice that the plaintiff would suffer if discovery is stayed as to the bad faith claims. In addition, partial discovery does appear to be possible with respect to the bad faith claims, as these claims will involve witnesses and evidence that are not relevant to the contract dispute. Finally, imposing a stay on discovery will not create a burden for this Court; on the contrary, this Court would be more greatly burdened if it is required to resolve discovery disputes related to the bad faith claims at the same time it is attempting to address the contractual dispute.

Accordingly, this Court finds that the defendant has met its burden of proving that a stay of discovery in the bad faith claims is appropriate.

## V.  Conclusion

For the reasons stated above, the defendant's motion to bifurcate and stay the bad faith claims is hereby GRANTED. Discovery regarding the bad faith claims is hereby STAYED until the contractual claims are resolved.  The parties are DIRECTED to proceed with discovery on the contractual claims pursuant to the scheduling order entered in this action on June 15, 2005.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    July 20, 2005


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE